NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3062
_____

MONTAGUE WALKER

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS,
an agency of the Commonwealth of Pennsylvania;
SCI EMPLOYEE SHELLY MANKEY;
SCI EMPLOYEE KENNETH MCWILLIAMS;
SCI EMPLOYEE STANLEY HENRY;
SCI EMPLOYEE ROBERT D. RHODES;
SCI EMPLOYEE TONY TRAYTOR;
SCI EMPLOYEE DANIELLE TERNITSKY-GORDON;
SCI EMPLOYEE MARY BOBECK;
WEXFORD HEALTH SOURCES, INC; DR.PAUL DASCANI;


MONTAGUE WALKER;
ALVIN F. DE LEVIE, ESQ.,
                              Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-14-cv-1504)
Magistrate Judge:  Hon. Lisa P. Lenihan
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2020

Before:   McKEE, JORDAN, and RENDELL *Circuit Judges.*

(Filed: September 29, 2020)
_____

_____

JORDAN, *Circuit Judge*.

Alvin F. de Levie, Esq. appeals the District Court's determination that he and James E. Beasley, Jr., Esq. of the Beasley Firm, LLC ("TBF"), reached a binding oral agreement regarding their joint representation of plaintiff Montague Walker in the civil rights and personal injury lawsuit that underlies this fee dispute. According to de Levie, the Court lacked subject matter jurisdiction over the fee dispute and further erred in holding that he and Beasley were parties to an enforceable contract. Because neither of de Levie's contentions have merit, we will affirm.

## I. BACKGROUND

Walker suffered catastrophic injuries while incarcerated in a Pennsylvania penitentiary, resulting in his permanent paralysis. He retained de Levie under a contingent fee agreement to represent him in any potential lawsuit relating to the incident. Prior to filing suit, de Levie "brought in" Beasley "to act as co-counsel" so that he could have "the benefit of additional resources and another experienced lawyer for a case of this magnitude and seriousness[.]" (Opening Br. at 5.) "The attorneys proceeded on an oral agreement between de Levie and Beasley to work on the case together, with TBF and Mr. de Levie both to advance costs, and to share a contingency fee equally in the event of a successful

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

conclusion to the case by trial or settlement." (Opening Br. at 5-6.) The terms of de Levie's and Beasley's agreement appear to be the same terms they had utilized in a previous personal injury case in which de Levie had asked Beasley and TBF to become involved.

de Levie and Beasley filed suit on behalf of Walker in November 2014, asserting federal civil rights claims under 42 U.S.C. § 1983, as well as claims for negligence and malpractice under Pennsylvania state law. Both attorneys signed the complaint and, along with other TBF lawyers, continued to work together on Walker's case until April 2016. At that time, Walker, at de Levie's behest, requested that TBF withdraw from the case, purportedly because of Beasley's failure to take a sufficiently active role and the firm's failure to diligently prosecute the matter. Shortly after receiving the withdrawal request, TBF filed a "Notice of Attorney's Charging Lien" (the "Lien") with the District Court, asserting "an attorney's charging lien against any recovery in favor of [Walker] … with respect to costs incurred and [TBF's] contractual and/or equitable rights to an attorney's fee." (App. 96). The Lien provided further that "distribution of any proceeds arising from a recovery in this mater -- by way of settlement, judgment or otherwise -- shall not be made until [TBF] has received written notice of the recovery, and the Court has had an opportunity to adjudicate [TBF]'s right to reimbursement of costs/expenses and its right to payment of an attorney's fee out of the aforesaid proceeds." (App. 96.) TBF and its attorneys who had entered appearances on Walker's behalf, including Beasley, then moved to withdraw and were granted leave to do so.

Following that withdrawal, de Levie continued to represent Walker on his own and secured a significant settlement for Walker in January 2019. Thereafter, Walker moved to

compel TBF to submit an affidavit justifying the Lien. TBF responded that the Lien was proper for two reasons: (i) there was a binding oral contract between de Levie and Beasley to equally split any counsel fees attributable to Walker's recovery; and (ii) TBF independently satisfied the five requirements for an equitable charging lien under the Pennsylvania Supreme Court's decision in *Recht v. Urban Redevelopment Authority*, 168 A.2d 134 (Pa. 1961).[1]

After full briefing, an evidentiary hearing, and post-hearing supplemental briefing, the District Court held that TBF was not entitled to an equitable lien under *Recht* but that de Levie and Beasley were parties to an enforceable oral contract to work together and to evenly divide the contingent fee associated with any recovery obtained. Accordingly, the Court ordered that "[a]ny monies remaining [after reimbursement of costs] from the fee collected from the settlement agreement of this matter are to be split 50/50 between each firm pursuant to the terms of the oral agreement between [TBF] and de Levie." (App. 14.)

---

[1] The five requirements are:

> "(1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien."

*Recht*, 168 A.2d at 138-39.

4

de Levie moved for reconsideration on the ground that the Court erred in concluding there was a "meeting of the minds on the essential terms of the agreement[.]" (D. Ct. D.I. 409, at 5.) He also argued that the Court's holding that counsel fees should be net of costs and expenses, rather than a gross percentage of Walker's recovery in addition to reimbursement of costs and expenses, was contrary to the terms of his fee agreement with Walker and "would result in a significant reduction in the attorney's fee in this matter." (D. Ct. D.I. 409, at 6.) The District Court held there was no basis to reconsider its conclusion regarding the existence of an enforceable contract between de Levie and Beasley, and stated with respect to the proper calculation of attorneys' fees in this case "that costs are to be paid first and the 40% fee is to be taken from the remainder, or net, settlement." (App. 19.)

de Levie timely appealed both the District Court's order holding that he and Beasley were parties to a binding contract and its order denying reconsideration.

**II. DISCUSSION**[2]

    A.    <u>The District Court's Subject Matter Jurisdiction</u>[3]

de Levie argued before the District Court that it had subject matter jurisdiction to resolve the fee dispute with TBF. Having lost before that court, he now says that it never had jurisdiction to decide the issue. We disagree.

Federal courts may exercise ancillary jurisdiction over matters that "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994). de Levie attempts to style this dispute as being entirely among lawyers and having no effect on the underlying litigation. But that view is refuted by the Lien's plain language. TBF filed the Lien "against any recovery in favor of" Walker and sought to enjoin the "distribution of any proceeds arising from a recovery in this matter" to which Walker was entitled. (App. 96.) On its face, the Lien evidences a dispute between TBF and its former client Walker, a party to the underlying litigation. Resolution of that dispute has had a tangible effect on the litigation parties' rights, including Walker's, by hindering the parties from finalizing their settlement. (*See* App. 6 (District Court noting that the settlement amount "has not been deposited into the Court, but a settlement agreement was negotiated

---

[2] The District Court had jurisdiction over the underlying Walker litigation under 28 U.S.C. §§ 1331 and 1367. For the reasons discussed herein, the District Court also had ancillary jurisdiction to resolve TBF's entitlement to attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291.

[3] We review a district court's exercise of ancillary jurisdiction de novo. *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 911 F.3d 666, 670 (3d Cir. 2018).

and defendants stand ready to pay once the Court determines how much each of [TBF and de Levie] are entitled to").)[4] The District Court thus had subject matter jurisdiction to adjudicate the propriety of the Lien, which directly affected the Court's ability to manage its proceedings and the rights of multiple litigants. *Kokkonen*, 511 U.S. at 379-80; *see also Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217 (3d Cir. 1987) ("This description of the purpose of ancillary jurisdiction suggests that it is particularly necessary for disputes such as this one. Attorneys' fee arrangements in diversity cases, and in most federal question cases as well, are matters primarily of state contract law. Nevertheless the federal forum has a vital interest in those arrangements because they bear directly upon the ability of the court to dispose of cases before it in a fair manner.").

To render a decision regarding the Lien, the District Court also found it necessary to decide whether de Levie and TBF had reached a binding oral agreement regarding how any recovery would be shared. (*See* App. 7 (District Court holding TBF satisfied third *Recht* factor because "there was a fee splitting agreement between Beasley and de Levie"); *id.* at 7-8 ("The Court further finds that the reason Beasley cannot meet the second *Recht* factor is because de Levie precluded it from any further work on the file; in essence, de Levie precluded it from fulfilling its obligation under the contract.").) In addition,

---

[4] This is but one example in the record of how the fee dispute has affected the litigation parties' rights and how the Court did, functionally, exercise constructive control over the settlement funds despite those funds never formally being deposited with it. (*See*, *e.g.*, App. 132 (Court authorizing distribution of settlement proceeds to special needs trust established for Walker); App. 80-81 (docket entry discussing Court's telephone conference with the parties, which was requested by one of the defendants "because, given the Beasley lien, there are issues with distribution of the fund").)

resolution of that contract dispute affected Walker's rights, both in terms of the amount of money he actually was entitled to receive from the settlement and the timing of his receipt of the money. (*See* App. 19 (District Court confirming that attorneys' fees would be net of expenses, thereby reducing amount of attorneys' fees and increasing Walker's recovery).) That further underscores the Court's subject matter jurisdiction to rule on the Lien and any matters integral to it, including what, if any, agreement de Levie and Beasley had. And de Levie cites no authority for the proposition that a federal court lacks subject matter jurisdiction over a fee dispute that directly affects the rights of one or more of the litigants.[5] Accordingly, his jurisdictional argument fails.

B.      Existence of an Enforceable Contract[6]

de Levie's merits-based contentions fare no better than his jurisdictional one. He says that any oral understanding between himself and Beasley was not an enforceable contract because it lacked essential terms and was too indefinite. He goes on to say that,

---

[5] de Levie's reliance on *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, 911 F.3d 666 (3d Cir. 2018) is misplaced. The core holding in that case was that "a federal court should decline to exercise ancillary jurisdiction over a fee dispute between two attorneys where the court has no control over the funds and the fee-splitting dispute has no impact on the timing or substance of the litigants' relief in the underlying case over which the federal court has jurisdiction." *Id.* at 672. As already discussed, however, not only did the District Court functionally exercise control over the funds at issue, the fee dispute between de Levie and Beasley impacted both the timing and substance of the plaintiff's relief in the underlying action.

[6] "Th[e] issue of contract formation invokes a mixed standard of appellate review." *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998). The District Court's factual findings are reviewed for clear error. *Id.* "Conclusions drawn with respect to the legal effect of any agreement, however, are questions of law and therefore subject to plenary review." *Id.*

even if an enforceable agreement existed, the District Court erred in not treating the arrangement as a joint venture that was terminable at will. But de Levie has forfeited both of those arguments by failing to properly raise them before the District Court.

As to his essential terms/indefiniteness argument, de Levie says that the contract was unenforceable because there was no evidence the parties agreed what would happen if either terminated the agreement or if Walker discharged either of them. To the extent de Levie raised before the District Court any argument about contract terms, however, that argument was based entirely on the parties' purported failure to agree on the specific role that Beasley would play in representing Walker. de Levie never asked the District Court to address whether the lack of a termination provision rendered the parties' oral agreement unenforceable. He thus failed to preserve the issue for appeal.[7] *See Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018) ("To preserve a matter for appellate review, a party must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits. It is well established that arguments not raised before the District Court are waived on appeal." (internal quotation marks and citations omitted)).

---

[7] Moreover, and regardless of whether he properly preserved them, de Levie's challenges to the enforceability of his agreement with Beasley are meritless. There is ample evidence in the record to support the Court's holding that de Levie and Beasley had a "meeting of the minds" and agreed to an enforceable contract pursuant to which "the firms would run the case together, and if there were a recovery, each firm's costs would be reimbursed, and any counsel fees split 50/50." (App. 17.) That evidence includes, but is not limited to, the parties' history and course of dealing and de Levie's admission to the District Court that he had a binding agreement with Beasley.

Regarding his joint venture assertion, de Levie readily acknowledges that he did not raise the issue before the District Court. We will not consider it in the first instance. *Id.* de Levie has thus failed to articulate a basis for us to disturb the District Court's holding that he and Beasley had a binding contract with respect to representing Walker.

## III. CONCLUSION

For the foregoing reasons, we will affirm the orders of the District Court.

10